IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERNADETTE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22 C 4535 |
| | ) | |
| CITY OF CHICAGO, DANIEL THETFORD, FRANCIS TIEGHE, and ANDREA KERSTEN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bernadette Kelly, a Chicago police officer, has sued the City of Chicago and several members of the Civilian Office of Police Accountability, alleging violations of her constitutional due process and equal protection rights as well as breach of contract. The defendants have moved to dismiss Kelly's complaint for failure to state a claim upon which relief may be granted.

The Court first summarizes the allegations in Kelly's complaint, which the Court takes as true for purposes of the motion to dismiss. Kelly has been a Chicago police officer since 2011 and has served as a patrol officer, a tactical officer, and an undercover narcotics officer. She alleges that she performed in an excellent manner and received numerous awards for her service.

On September 30, 2021, Kelly was advised that COPA investigators were putting her on a "time out," which apparently meant she was removed from her team was put

on desk duty. She says that she was given no reasons for this action. About seven months later, on April 27, 2022, Kelly was advised that she was "released back to the street" to be a patrol officer but would be assigned to a new team, even though her previous supervisor wanted her back on her old team. Compl. ¶¶ 19-20.

Kelly alleges that when she was returned to the street, she was assigned to work on Chicago Transit Authority trains but was not given a radio, supposedly because none were available; Kelly says that working on the street without a radio is very dangerous. A few days later, Kelly obtained a radio. During the ensuing weeks, she says, she 7\was repeatedly denied overtime, allegedly in violation of the collective bargaining agreement between the City and the labor union that represents Chicago police officers.

Kelly alleges that on August 9, 2022, she was instructed to go to police headquarters, where she was "stripped . . . of her police powers." *Id.* ¶ 27. She was told that this was per the orders of COPA but was not given any explanatory paperwork. Kelly says she learned several days later that this action was the result of what she characterizes as "two minor incidents" in 2018 and 2019 and that she would be summoned before the Police Board to determine whether to separate her from the police department. Kelly alleges that she "has been repeatedly harassed by defendants in that they have applied much harsher sanctions to her than to other officers who were accused or similar or more severe conduct." *Id.* ¶ 31.

For her due process and equal protection claims, Kelly alleges that she has a protectable interest "in fair and impartial investigations" and that the defendants "would comply with the statutes, rules, plans, and ethics" regarding investigation of civilian complaints against police officers. *Id.* ¶¶ 34-36. She contends that the defendants

2

"engaged in a pattern and practice of manipulating the investigations into [her]." Id. ¶ 37. For her breach of contract claim, Kelly alleges that the "partial and unfair" manner in which COPA conducted the investigation violated her rights under the collective bargaining agreement.

## Discussion

The defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible on its face, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

1. **Due process claim**

To sustain her constitutional due process claim, Kelly must establish—or at this point, adequately allege—that she was deprived of a constitutionally-protected property interest. *See, e.g., Gorman v. City of Chicago*, 777 F.3d 885, 890 (7th Cir. 2015). Kelly almost certainly has a constitutionally protected property interest in continued employment as a police officer, as the CBA prohibits her termination without cause, but she does not allege that she was terminated from her position. Rather, Kelly's claimed property interests involve the particulars of her assignment (including the alleged revocation of her "police powers"); the right to a fair and impartial COPA investigation; and, perhaps, the refusal of overtime assignments.

None of these qualify as a property interest protected by the Fourteenth Amendment. First, the right to a fair and impartial hearing may be protected under state law, but it is not a constitutionally-protected property right. *See, e.g., Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago*, 741 F.3d 769, 773 (7th Cir. 2013) ("[A] plaintiff does not have a federal constitutional right to state-mandated process.") *See generally Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983) ("Process is not an end in itself . . . . The State may choose to require procedures . . . but in making that choice the State does not create an independent substantive right.").

Second, Kelly's reassignment to desk duty and the deprivation of her "police powers" do not qualify either; she has no constitutionally-protected property interest in any particular assignment, and she does not contend that either of these actions involved any loss of her salary. *See, e.g., Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993) (officer placed on involuntary leave; deprivation of right to wear uniform and carry a badge, carry a firearm, arrest people, and carry out other functions of a police officer does not involve a constitutionally-protected property interest); *see also, Atterberry v. Sherman*, 453 F.3d 823. 826 (7th Cir. 2006) (reassignment pending investigation does not implicate a constitutionally-protected property interest).

Finally, Kelly has no constitutionally-protected property interest in opportunities for overtime pay. Nothing in the CBA—the source Kelly cites generally for this right— entitles her to such opportunities; indeed, it reserves to the police department the right to make work assignments. *See* Am. Compl., Ex. A, art. 4.

For these reasons, Kelly's due process claim is legally deficient. The Court therefore need not address defendants' other arguments for dismissal of the claim.

**2. Equal protection claim**

Kelly does not allege that she suffered any class-based discrimination. Rather, she says that she was treated less favorably than other similarly situated police officers. Even if so, this does not give rise to a viable claim for violation of the Fourteenth Amendment's Equal Protection Clause. Specifically, a "class-of-one"-type equal protection claim cannot be asserted in the public employment context; the Supreme Court has made that clear. *See Engquist v. Oregon Dep't of Agriculture*, 442 U.S. 591, 607 (2008). And Kelly has cited no authority supporting any viable basis for an equal protection claim based on alleged arbitrary decision-making by police officials or COPA; in fact, the law is against her on this. *See Cannici v. Village of Melrose Park*, 885 F.3d 476, 480-81 (7th Cir. 2018) (rejecting an equal protection claim by a public employee alleging arbitrary or irrational termination).

**Conclusion**

The status hearing set for February 6, 2023 is vacated. For the reasons stated above, the Court grants defendants' motion to dismiss [dkt. no. 14] regarding count 1 of plaintiff's complaint, dismissing the federal claims in that count for failure to state a claim. Unless plaintiff files, by February 21, 2023, a proposed amended complaint that states at least one viable federal claim, the Court will enter judgment dismissing her federal claims with prejudice and her state-law breach of contract claim for lack of supplemental jurisdiction. The case is set for a status hearing on February 24, 2023 at 9:10 a.m., using call-in number 888-684-8852, access code 746-1053.

Date: February 5, 2023

_____
MATTHEW F. KENNELLY
United States District Judge